IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MAYONA HAMILTON ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: 11 CV 1752 |
| v. ) | |
| ) | Judge Blanche M. Manning |
| COMMONWEALTH EDISON, CO., ) | Magistrate Judge Susan E. Cox |
| ) | |
| Defendants. ) | |
| ) | |

## DEFENDANT'S MOTION FOR JUDGMENT ON AFFIRMATIVE DEFENSE

Defendant Commonwealth Edison Company ("Defendant" or "ComEd"), by its attorneys, and pursuant to Rule (8)(c)(1) of the Federal Rules of Civil Procedure, moves for judgment on its affirmative defense that the instant Complaint was not timely filed. In support of its Motion, Defendant incorporates by reference Defendant's Memorandum of Law in Support of Motion for Judgment on Affirmative Defense ("Memorandum") and states as follows:

1. The Complaint in this matter was filed pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq*. ("Title VII").

2. Defendant previously filed an affirmative defense in this matter alleging that Plaintiff had not brought this action within 90 days after receipt of the notice of right to sue from the Equal Employment Opportunity Commission ("EEOC"), as required by § 7-106(f)(1) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1).

3. With respect to an affirmative defense of this sort, the defendant is entitled to judgment if its elements are established by a preponderance of the evidence. If there is no evidentiary dispute, a hearing is unnecessary.

4. Exhibits B and D to the Complaint are the notices of right to sue issued by the EEOC with respect to the two underlying charges (Exhibits A and C).

C151159 v2

5. The EEOC notices state that they were sent via certified mail to Plaintiff in care of her attorney, Michael Smith, Esq., 440 West Irving Park Road, Roselle, IL 60172.

6. Under Supreme Court and Seventh Circuit precedent, notice to a charging party's attorney is notice to the party.

7. The evidentiary materials attached to the Memorandum, including official records of the U.S. Postal Service, establish that the notices of right to sue were received by Plaintiff's attorney's office on December 10, 2010, which is 94 days prior to the filing of the instant Complaint, on March 14, 2011.

8. There is no just reason why Plaintiff could not have filed her Complaint within the statutory time limit; therefore, equitable tolling is unavailable to the Plaintiff in this case.

9. Because the date that the notices of right to sue were received is established by an official record of a governmental entity (the U.S. Postal Service) and the date the complaint was filed is established by this Court's own records, an evidentiary hearing is unnecessary.

**WHEREFORE**, Defendant Commonwealth Edison Company respectfully requests that this motion be granted and the Complaint be dismissed in its entirety. Defendant requests that the dismissal be with prejudice because it is not possible to remedy a failure to meet a statutory deadline by amending the complaint. The Defendant further request that the Court grant it such additional relief as the Court deems proper.

Respectfully submitted,

Dated: April 27, 2011  COMMONWEALTH EDISON COMPANY

By:     s/Kent Sezer
        One of its attorneys

Kent Sezer (ARDC #2556359)
Exelon Business Services Company, LLC
10 South Dearborn Street, 49th Floor
Chicago, Illinois 60603
(312) 394-7158
(312) 394-4895 fax
Attorneys for Commonwealth Edison Company

2