# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MAYONA HAMILTON )<br>        Plaintiff, )<br>)<br>v. )<br>)<br>COMMONWEALTH EDISON CO., )<br>        Defendant. ) | No. 11 CV 1752<br>Judge Blanche M. Manning |

## MEMORANDUM AND ORDER

Plaintiff Mayona Hamilton has worked for defendant Commonwealth Edison Corporation for 25 years, but alleges that her workplace has become hostile because she is African-American. Moreover, she alleges, when she complained about how she was being treated, ComEd retaliated against her by disciplining her and lowering her earnings. Hamilton sued her employer for disparate treatment and retaliation under Title VII of the Civil Rights Act of 1964. *See* 42 U.S.C. § 2000e, *et seq.*

ComEd has filed an affirmative defense alleging that Hamilton's complaint is untimely, and now seeks judgment on that affirmative defense. For the reasons that follow, the court grants ComEd's motion and enters judgment in its favor. ComEd also filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) but, because ComEd is entitled to judgment, the court strikes the motion to dismiss as moot.

## BACKGROUND

As a threshold matter, although ComEd seeks judgment on its affirmative defense, it does not identify under which rule it is proceeding. Because Hamilton was on notice that ComEd seeks judgment, and because the parties both rely on undisputed evidence outside the pleadings, the court construes ComEd's motion as one for summary judgment under Federal Rule of Civil

Procedure 56. *See Golden Years Homestead Inc. v. Buckland*, 557 F.3d 457, 461-62 (7th Cir. 2009) (court may construe motion as one for judgment under Rule 56 where non-moving party is on notice that defendant seeks judgment). The relevant undisputed facts are as follows.

Hamilton works as a general clerk for ComEd. Her complaint is sparse on factual allegations and does not detail the type of treatment to which she was allegedly subjected. She alleges that she complained about the harassment, but in response was disciplined, including a suspension without pay and "two verbal coachings."

She cross-filed two charges of discrimination with the Illinois Department of Human Rights and the EEOC, an original charge filed on April 7, 2008, and an amended charge filed on November 12, 2009. In response to both charges, the EEOC mailed a single right-to-sue letter to her attorney, Michael Smith, on December 8, 2010.

The post office delivered the right-to-sue letter on December 10, 2010. Smith was out of the office and out of town that day, and another attorney at the same address, Kris Tsitsis, signed for the letter and placed it with the rest of Smith's mail as a courtesy to Smith. Four days later, on December 14, 2010, Smith returned to his office and opened the right-to-sue letter. Smith filed the complaint that initiated the instant lawsuit on March 14, 2011, which was 90 days after he opened the right-to-sue letter on December 14, 2010, but 94 days after the letter was delivered on December 10, 2010.

In lieu of an answer, ComEd has filed a motion to dismiss Hamilton's complaint for failing to state a claim pursuant to Rule 12(b)(6). *See* Fed. R. Civ. P. 12(b)(6). ComEd also filed an affirmative defense in which it alleges that Hamilton's complaint is untimely because it was filed beyond the 90-day statute of limitations set out in the right-to-sue letter.

ANALYSIS

I.   ComEd's Summary Judgment Motion

   A.  Standard of Review

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Thus, where the relevant facts are undisputed, the court may settle questions of law on summary judgment. *See Cavoto v. Hayes*, No. 08 CV 6957, 2009 WL 3380664, at *2 (N.D. Ill. Oct. 19, 2009) (pure questions of law may be decided on summary judgment); *Brewton v. City of Harvey*, 319 F. Supp. 2d 890, 892-93 (N.D. Ill. 2004) (the running of a statute of limitations is a question of law).

   B.  The 90-Day Limitation Period

ComEd contends that Hamilton's complaint is untimely because it was filed four days past the 90-day deadline. In employment discrimination cases, a complaint must be filed within 90 days of the claimant's receipt of the EEOC's right-to-sue letter. *See* 42 USC 2000e-5(f)(1). However, if a claimant informs the EEOC that he or she is represented by counsel, notice to counsel begins running the 90-day period. *Irwin v. Dep't of Vet. Affairs.*, 498 U.S. 89, 93 (1990); *see also* 29 C.F.R. § 1614.605(d) ("When the complainant designates an attorney as representative . . . time frames for receipt of materials shall be computed from the time of receipt by the attorney").

Hamilton contends that Tsitsis' written acknowledgment of the letter's receipt did not trigger the 90-day statute of limitations period because Tsitsis is unaffiliated with Smith's office.

Plaintiff states, "[t]he fact that someone not affiliated with [counsel's] office signed for the certified letter should not be a basis to dismiss this case. To dismiss this case under the circumstances would set a bad precedent for actual knowledge arguments in the future." Pl.'s Mem. in Opp'n. to Def.'s Mot. for Summ. J. 2.

However, when an attorney represents a client who has filed a charge of discrimination with the EEOC, that attorney must make reasonable arrangements during any absence from their office for someone to accept notices such as right-to-sue letters when delivered, and to note the date of receipt. *See Newson v. Am. Nat'l Can Co.*, No. 00 CV 7750, 2001 WL 1555200, at *5 (N.D. Ill. Dec. 4, 2001) (the 90-day statute of limitations begins to run upon delivery of the right-to-sue letter despite an "attorney's neglect in failing to have an employee present during his absence who knew the importance of incoming documents" because to hold otherwise "'would be to effectively eviscerate the 90 day notice rule and replace it with one that excuses counsel's negligence.'") (quoting *Davis-Gilbert v. Alberto-Culver Co.*, No. 99 CV 4014, 1988 WL 121504, at *1 (N.D. Ill. Nov. 18, 1988)).

Thus, the issue is not whether Tsitsis was affiliated with Smith's law office at the time but, rather, when Smith would have received notice had he arranged for someone to accept notices in his absence. It is undisputed that the right-to-sue letter arrived on December 10, 2010 and, therefore, it would have been received by his office on that date had he made the required arrangements. As a result, it was Smith's duty to note that the date of receipt was December 10, 2010, not four days later when he actually read the letter. *See Newson*, 2001 WL 1555200, at *5.

Accordingly, the 90-day limitation period began to run on December 10, 2010, and Hamilton's complaint, filed 94 days later, was untimely.

### C. Equitable Tolling

Although the 90-day deadline is strictly construed, it is not jurisdictional and, therefore, subject to waiver, estoppel, and equitable tolling. *See Perkins v. Silverstein*, 939 F.2d 463, 469-70 (7th Cir. 1991). Here, Hamilton seeks to avail herself of equitable tolling.

Equitable tolling is "reserved for situations in which the claimant has made a good faith error . . . or has been prevented in some extraordinary way from" meeting a deadline. *Threadgill v. Moore U.S.A., Inc.*, 269 F.3d 848, 850 (7th Cir. 2001). Negligence on the part of a party's attorney does not give rise to equitable tolling. *See Irwin*, 498 U.S. at 93.

Hamilton claims that her attorney had a sincere belief that the 90 days in which to file suit began to run upon his actual receipt of the letter. Again, an attorney who plans to be absent from his office must arrange for notices to be received when delivered, and to note the date of delivery. *Davis-Gilbert,* 1988 WL 121504 at *1. An attorney's failure to do so is not grounds for tolling the limitation period. *See Newson*, 2001 WL 1555200, at *5. Therefore, the doctrine of equitable tolling does not apply in this case.

### II. ComEd's Motion to Dismiss

Because ComEd is entitled to judgment, ComEd's motion to dismiss is stricken as moot.

## CONCLUSION

For the reasons given, ComEd's motion for summary judgment [12-1] is granted, and its motion to dismiss [8-1] is stricken as moot. The clerk is directed to enter a Rule 58 judgment and to remove this case from the court's docket.


ENTER

DATE:  July 5, 2011

*Blanche M. Manning*
Blanche M. Manning
United States District Judge